CIVIL CASE MANAGEMENT PLAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Car-Freshner Corporation
vs
S.C. Johnson & Son Inc.

No. 93cv1461(TJM)

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED
MAR 14 1994
GEORGE A. RAY, CLERK
BINGHAMTON

IT IS HEREBY ORDERED that, pursuant to Rule 16, Federal Rules of Civil Procedure, and General Order 30 of this Court, a status and scheduling conference will be held in this case before the Honorable Scanlon, United States Magistrate Judge, on March 16th, 1994, at 10:00 AM at the United States Courthouse, Room No. _____, Binghamton (?), New York.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in advance of the status conference with respect to all of the agenda items listed below. Not less than ten days before the conference, counsel shall file jointly a status conference statement addressing each agenda item. Plaintiff's counsel shall bear the responsibility for convening all counsel and completing and filing the proposed case management plan.

Matters which the Court will take up at the status conference will include the following:

1) JOINDER OR PARTIES: Any application to join any person as a party to this action shall be made on or before the __15th__ day of __June__, 19_94_.

2) AMENDMENT OF PLEADINGS: Any application to amend the pleadings to this action shall be made on or before the __15th__ day of __June__, 19_94_.

3) DISCOVERY: Discovery is to be conducted in accordance with Local Rule 10(k). All discovery in this action shall be completed on or before the __15th__ day of __August__, 19_94_. (Discovery timetable shall be based upon the complexity of the action.)

4) MOTIONS: All motions, including discovery motions, shall be made on or before the __15th__ day of __September__, 19_94_. Pursuant to the requirements of Local Rule 10(c); all memorandum of law filed shall contain parallel citations wherever possible. (Discovery motions will be heard by the assigned Magistrate Judge)

Continued.

5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL: The action will be ready to proceed to trial on or before the __15th__, day of __November__, (MONTH), __1994__. It is anticipated that the trial will take approximately __*__ days to complete. The parties request that the trial be held in __*__ (CITY). *THE PROPOSED DATE FOR TRIAL **MUST** BE WITHIN EIGHTEEN MONTHS OF THE FILING OF THE COMPLAINT. *Plaintiff anticipates 2 days for trial and requests that the trial be held in Watertown. Defendant anticipates 2 to 5 days for trial and requests that the trial be held in Syracuse.

6) HAVE THE PARTIES FILED A JURY DEMAND: ____(YES)/__X__(NO).

7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? DO ANY REMAIN TO BE SERVED?   Yes
                                             Yes
                                             No

8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES? Plaintiff asserts that defendant's use of a pine-tree shaped air freshener constitutes statutory and common law trademark infringement and statutory dilution with respect to plaintiff's famous pine-tree air freshener trademark. Plaintiff further asserts that defendant did not adopt its mark in good faith and that there is a likelihood of confusion with respect to the source of defendant's products as well as dilution of plaintiff's famous mark. Defendant contends there is no likelihood of confusion between defendant's GLADE PLUG-INS product with holiday pine scent and plaintiff or plaintiff's products. Defendant further contends that it is using the pine-tree shape, not as a trademark, but fairly and in good faith to describe to users the fact that its product has a holiday pine scent in accordance with 15 U.S.C. § 1115(e).

9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE? Plaintiff believes that the disputed issues involve defendant's motive in adopting its mark, trademark infringement, likelihood of confusion, dilution and damages. Defendant asserts that the issues include whether plaintiff has any protectable trademark rights, whether the asserted fame of defendant's GLADE PLUG-IN trademarks preclude any likelihood of confusion between defendant's products and plaintiff's products, whether defendant's acts constitute fair use in accordance with 15 U.S.C. § 1115(e) and whether plaintiff is entitled to an award of damages against defendant.

10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION? Defendant asserts that there may be dispositive issues appropriate for decision upon a summary judgment motion. Plaintiff is of a similar view but not necessarily with respect to the same issues.

Continued.

11) WHAT SPECIFIC RELIEF DOES PLAINTIFF SEEK? WHAT IS THE AMOUNT OF DAMAGES SOUGHT AND GENERALLY HOW IS IT COMPUTED? Plaintiff seeks an injunction against trademark infringement and dilution as well as damages which include but are not limited to defendant's profits which need to be ascertained by discovery.

12) WHAT DISCOVERY DOES EACH PARTY INTEND TO PURSUE? CAN DISCOVERY BE LIMITED? ARE LESS COSTLY AND TIME-CONSUMING METHODS AVAILABLE TO OBTAIN INFORMATION? Plaintiff and defendant have served interrogatories and document requests. Plaintiff and defendant have notified each other of their positions regarding insufficiencies in the others' responses. The parties have not yet exchanged documents. Plaintiff and defendant believe that additional written discovery may be warranted depending upon the others' production. Plaintiff and defendant intend to take further discovery through depositions.

13) IS THE CASE SUITABLE FOR REFERENCE TO THIS DISTRICT'S VOLUNTARY ARBITRATION PROGRAM? ____(YES)/ X ____(NO). IF YOUR ANSWER WAS NO PLEASE STATE WHY. Neither party believes that the nature of this infringement action and the relief requested are well suited to resolution through arbitration.

14) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL? No. Both parties will attempt to reduce the length of the trial to the extent possible. Plaintiff believes that the trial should take no more than two days and defendant believes that the trial should take no more than two to five days.

Continued.

15) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT? No.

16) IN CLASS ACTIONS, WHEN AND HOW WILL CLASSES BE CERTIFIED? Not applicable.

17) WHAT ARE THE PROSPECTS FOR SETTLEMENT? HOW CAN SETTLEMENT EFFORTS BE ASSISTED? The prospect for settlement at this point appears to be limited since plaintiff asserts that it is entitled to enjoin defendant's use of a pine-tree shaped air freshener and defendant asserts that its use of a pine-tree shaped air freshener does not violate any of plaintiff's alleged rights.

18) SUCH OTHER MATTERS AS ANY PARTY CONSIDERS CONDUCIVE TO THE JUST, SPEEDY AND INEXPENSIVE DETERMINATION OF THIS ACTION. None.

Please detach this form and return it to the Court ten (10) days in advance of the conference date. Please attach a signature page for all counsel indicating the party or parties that you represent. At the conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

CAR-FRESHNER CORPORATION

By: *Roberta S. Bren (lab)*
Arthur I. Neustadt
Roberta S. Bren
OBLON, SPIVAK, MCCLELLAND,
   MAIER & NEUSTADT, P.C.
1755 Jefferson Davis Highway
Arlington, VA 22202
(703) 413-3000

Nancy L. Pontius, #102379
600 Onondaga Savings Bank Bldg.
Syracuse, New York 13202
(315) 474-7571

ATTORNEYS FOR PLAINTIFF


S.C. JOHNSON & SONS, INC.

By: *Mary Innis*
Robert M. Newbury
Mary Innis
PATTISHALL, McAULIFFE, NEWBURY,
   HILLIARD & GERALDSON
311 South Wacker Drive
Chicago, Illinois 60606
(312) 554-8000

Carl W. Peterson, Jr.
HANCOCK & ESTABROOK
1500 Mony Tower I
P.O. Box 4976
Syracuse, New York 13221-4976
(315) 471-3151

ATTORNEYS FOR DEFENDANT